**E-FILED on**     12/28/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MYRA C. CRENSHAW,<br><br>        Plaintiff,<br><br>    v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>        Defendant. | No. C-05-02387 RMW; C-05-01116 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS<br><br>**[Re Docket No. 12, 16]** |

Myra C. Crenshaw ("Crenshaw") has filed two suits against Sun Microsystems ("Sun"). Crenshaw sued Sun in Santa Clara Superior Court in March 2005 for (1) wrongful termination of employment, (2) employment discrimination, (3) age discrimination, (4) race and gender discrimination, (5) disability discrimination, and (6) retaliatory discharge. Sun removed the case to this court on June 13, 2005 ("first action").[1] Crenshaw also sued Sun in the San Francisco Division of the Northern District of California in March 2005 ("second action").[2] Sun filed a motion to dismiss the first action. On August 17, 2005 this court granted Sun's motion with prejudice on all Crenshaw's claims except her race, sex, and disability discrimination claims. The court granted Sun's motion on Crenshaw's employment discrimination claims

---

    [1]     The case number is 05-02387.

    [2]     The case number is 05-01116.

without prejudice, giving her twenty days leave to amend.  Crenshaw filed a First Amended Complaint ("FAC").  Sun then became aware of the second action and moved to relate it and the first action.  Magistrate Judge Chen granted Sun's motion on November 2, 2005.  Sun now moves to dismiss both actions.  Crenshaw opposes the motions.  For the reasons set for below the court grants in part and denies in part Sun's motions.

## I.  BACKGROUND

In the first action, Crenshaw alleges that she accepted a Technical Support Engineering position at Sun in 1992.  FAC at 2.  She claims that "[a]lthough [the] title, grade, and salary" of this job were commensurate with a "Technical Support Engineer 2 . . . the position was quite different and was really a technician position using humans as forklifts." *Id*.  She contends that Sun "underdeveloped" her "advanced engineering career" because of "race, gender, and reverse age (or young age 25) discrimination." *Id*. at 3.  According to Crenshaw, she became disabled around 1993, and Sun failed to accommodate her. *Id*. at 4.  She also claims that Sun denied her the "actual, title, grade, and salary of a much more advanced position [and] den[ied] her a promotion to Staff Engineer 3, grade 7, even though [she] was moved to the position and had actual 'engineering' duties in 1994." *Id*. at 4.  She alleges that Sun "wrongfully denied instructor or open positions and placed [her] in [a] return to work program that violates the Americans with Disabilit[ies] Act." *Id*.  In addition, she claims that Sun retaliated against her for requesting interest on her disability benefits. *Id*. at 6.[3]  Finally, Crenshaw alleges that Sun wrongfully terminated her employment. *Id*. at 2.  She alleges that she filed charges with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Housing and Employment ("DFEH") on February 28, 1997. *Id*. at 7.  She contends that she did not receive a right to sue letter from the EEOC until December 18, 2004.

In the second action, Crenshaw alleges that Sun placed her in its return to work program.  Compl. ¶ 6.[4]  According to Crenshaw, the program gives employees who are returning from medical leave four

---

[3]  Crenshaw also re-alleges that Sun wrongfully denied her disability benefits.  FAC at 5.  However, the court has already dismissed Crenshaw's cause of action for such benefits with prejudice. *See* August 17, 2005 Order ("August 17 Order") at 3:10-17.

[4]  Crenshaw brings suit on behalf of herself and a class of Sun employees.  Compl. ¶ 3.  However, the complaint contains no allegations about this class.  If Crenshaw wishes to attempt to pursue the matter as a class action, she must plead facts that establish that the purported class meets the

weeks to find a new position. *Id*. at ¶ 7. Crenshaw also contends that Sun's "Long Term Disability program cuts off benefits for mental injur[ies] after 24 months unless [the] employee is confined to a mental hospital." *Id*. She asserts that Sun (1) "tried to redefine [her] severe physical injury into a mental injury," (2) hired less-qualified candidates for open positions, and (3) fired her. *Id*.

## I. ANALYSIS

### A. Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept the facts alleged in the complaint as true. *Id*. "A complaint should not be dismissed 'unless it appears beyond doubt that the Crenshaw can prove no set of facts in support of his claim which would entitle him to relief.'" *Gilligan v. Jamco Dev.Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Moreover, "[c]ourts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

### B. Crenshaw's Discrimination Claims

Sun moves to dismiss Crenshaw's age, race, gender, and disability discrimination claims on the narrow grounds that she failed to exhaust her administrative remedies. As noted in the August 17 Order, a plaintiff must file an administrative charge with the EEOC within 180 days of the allegedly unlawful employment practice. However, the plaintiff has 300 days to file a complaint with the EEOC if she initially files charges with a state agency that enforces its own anti-discrimination laws. *See* 42 U.S.C. § 2000e-5(e)(1). This 300-day deadline is subject to an important caveat: the EEOC cannot deem a complaint "filed" until either (1) 60 days have passed or (2) the state agency "terminate[s]" its proceedings. *See* 42 U.S.C. § 2000e-5(c). This 60-day window of exclusive state jurisdiction "give[s] States and localities an opportunity to combat discrimination free from premature federal intervention." *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110 (1988).

---

requirements of Federal Rule of Civil Procedure 23.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
C-05-02387 RMW; C-05-01116 RMW
KMF/DOH 3

1    Crenshaw filed an EEOC complaint on February 28, 1997. In it, she asserted that Sun's last act of
2 discrimination occurred on May 10, 1996. May 10 is 294 days after February 28. This court's August 17
3 Order dismissed Crenshaw's discrimination claims because she neither (1) alleged that she initially filed a
4 complaint with a state agency nor (2) checked a box on her EEOC complaint that would have filed charges
5 simultaneously with the DFEH. However, Crenshaw now alleges that she received a DFEH right to sue
6 letter dated March 5, 1997. FAC at 7. She attaches this letter to the FAC. *See* FAC Ex. A.[5] The letter
7 explains that the EEOC forwarded Crenshaw's allegations to the DFEH. *See id*. It also states that the
8 EEOC is "responsible for the processing of this complaint" because "[t]he DFEH is closing its case on the
9 basis of 'processing waived to another agency.'" *Id*.

10    Crenshaw argues that her EEOC claim is timely because the EEOC and the DFEH entered into a
11 Work Share Agreement whereby "the [DFEH] agreed to waive its exclusive jurisdiction . . .[and]
12 allow[ed] the EEOC to proceed immediately" with her charge. Opp. Mot. Dism. at 7:10-17. Work Share
13 Agreements are arrangements between the EEOC and state or local agencies that facilitate the investigation
14 of discrimination claims. Other cases have acknowledged the existence of such an agreement between the
15 EEOC and the DFEH. *See, e.g., Downs v. Dept. of Water and Power*, 58 Cal. App. 4th 1093, 1097
16 (1997) ("The EEOC and the DFEH each designated the other as its agent for receiving charges and agreed
17 to forward to the other agency copies of all charges potentially covered by the other agency's statute. The
18 EEOC and the DFEH also agreed each agency would have the initial responsibility for processing certain
19 claims."). Crenshaw's allegation is also consistent with the DFEH right-to-sue letter's statement that "[t]he
20 DFEH is closing its case on the basis of 'processing waived to another agency.'" FAC Ex. A.

21    Work Share Agreements are "self-executing," which means that filing a complaint with the EEOC
22 automatically and simultaneously files the same complaint with the DFEH, regardless of when the EEOC
23 actually forwards its paperwork to the DFEH. *See Green v. L.A. County Superintendent of Schools*,
24 883 F.2d 1472, 1480 (9th Cir. 1989). In addition, if the DFEH has waived its 60 days of exclusive
25 jurisdiction, the EEOC can deem complaints filed when received. *See* 29 C.F.R. § 1601.13(a)(4)(ii)(A)
26 ("Where the [charge] on its face constitutes a charge within a category of charges over which the . . . [state]

---

28    [5]    Crenshaw explains that she did not attach this letter to her first complaint because she did not know that it was relevant. FAC ¶ 12.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
C-05-02387 RMW; C-05-01116 RMW
KMF/DOH                                    4

agency has waived its rights to the period of exclusive processing . . . [it] is deemed to be filed with the [EEOC] upon receipt. Such filing is timely if the charge is received within 300 days of the alleged violation."). Accordingly, if the DFEH waived its exclusive jurisdiction, the EEOC considered Crenshaw's complaint filed when received on February 28, 1997. Because February 28, 1997 is less than 300 days after May 10, 1996, there is a factual issue as to whether Crenshaw's EEOC complaint was timely.

The fact that Crenshaw initially filed claims with the EEOC and not the DFEH does not change this result. For example, *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322 (2d Cir. 1999), the plaintiff claimed that his employer wrongfully fired him on January 5, 1996. On August 28, 1996, 216 days later, the plaintiff filed an EEOC complaint. He did not file charges with the New York State Division of Human Rights ("NYSDHR"), the state agency empowered to remedy unlawful discrimination. Under the Work-Sharing Agreement, the EEOC transmitted the plaintiff's charges to the NYSDHR. The Second Circuit noted that the plaintiff's federal claims were "based upon incidents charged more than 180 days after their alleged occurrence" and thus were "barred unless he 'initially' filed his corresponding charge with the NYSDHR. *Id*. at 325. Nevertheless, the court held that the plaintiff had filed the charges "initially" with the NYSDHR even though (1) he had only filed an EEOC complaint and (2) it was the EEOC, and not the plaintiff himself, who had filed the charges with the NYSDHR:

> [H]owever paradoxical it may seem, Tewksbury's charge must be deemed to have been filed 'initially' with the NYSDHR . . . . The NYSDHR proceedings formally began upon the EEOC's receipt of Tewksbury's charges because, pursuant to the Work-Sharing Agreement, it was designated as the NYSDHR's agent for purposes of receiving claimants' charges. Thus, the NYSDHR proceeding on Tewksbury's ADA charge formally began and ended upon the EEOC's receipt of the charge but before Tewksbury's charge could be deemed as filed with the EEOC. The charge was, accordingly, 'initially' filed with the NYSDHR, not the EEOC.

*Id*. at 327 (internal citations omitted). Thus, as in *Tewksbury*, Crenshaw filed her complaint "initially" with the DFEH even though she sent it only to the EEOC. The court thus denies Sun's motion to dismiss Crenshaw's discrimination claims on exhaustion of administrative remedies grounds.

At the same time, however, the court dismisses Crenshaw's race, sex, age, and retaliation claims. "The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). However, the court has jurisdiction over charges of discrimination that either (1) are "like or reasonably related to" or (2) could

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
C-05-02387 RMW; C-05-01116 RMW
KMF/DOH     5

reasonably be expected to grow out of the EEOC charge. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Similarly, a plaintiff can amend an EEOC complaint to add charges that "relate back to the date the charge was first received" where the new claims "related to or gr[ew] out of the subject matter of the original charge." 29 C.F.R. 1628.8(c). However, a plaintiff cannot belatedly claim that the same discriminatory conduct stemmed from additional impermissible motives. *Compare Leong*, 347 F.3d at 1122 ("[a] decision that an EEOC complaint with no mention whatsoever of disability is 'like or reasonably related to' Leong's disability claim would reduce the exhaustion requirement to a formality").

That is precisely what Crenshaw attempts to do here with respect to her race, sex, age, and retaliation claims. Her EEOC charge asserts only that Sun discriminated against her on the basis of her disability:

> Respondent is aware of my disability.
> In January 1996, I applied for a Customer Training Instructor position at Sun Education Services.
> In April, 1996, [Sun] informed me that I had not received the position . . . .
> During April and May, 1996, I again applied for various positions . . . .
> On May 10, 1996, [Sun] informed me that I had not been hired for any of the above positions and that I was being terminated.
> I believe I have been discriminated against because of my disability.

FAC. Ex. C. She did not check boxes indicating that she was alleging race, sex, age, or retaliation claims. *See id*. She then amended her EEOC charge on March 20, 2000 to include "race and sex discrimination and denial of Long Term Disability Benefits and denial of positions applied for from January of 1996 to May 10, 1996." Solomon Decl. Ex E. In addition, as one of the causes of discrimination, she checked the box titled "retaliation." Because nothing in the EEOC charge laid the proper foundation for these new claims, Crenshaw's amendment does not "relate back" to her original charge and thus is untimely. In addition, for the same reason, the court lacks subject matter jurisdiction over these claims.

Moreover, the second action overlaps completely with the first action. Both actions seek redress for Sun's alleged disability discrimination. Although the complaint in the second action includes additional claims about Sun's return to work program, nothing prevents Crenshaw from trying to prove these allegations in the first action. If, for some reason, Crenshaw wishes to incorporate these allegations into the first action, she can apply to the court for leave to file a second amended complaint. Because the second action serves no useful purpose, the court dismisses it.

**III. ORDER**

For the foregoing reasons, the court (1) denies Sun's motion to dismiss Crenshaw's disability discrimination claim in the first action and (2) dismisses Crenshaw's complaints in all other respects. Because the court dismisses Case No. 05-1116, it vacates the case management conference set for January 13, 2006. The parties shall appear for the case management conference in Case No. 05-02387 on February 10, 2006.

DATED:     12/19/05                              /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
                                                 United States District Judge

1 | **Notice of this document has been sent to:**

2 | **Counsel for Plaintiff(s):**

3 | Myra C. Crenshaw
PRO SE
4 | 5014 Hildasue Terrace
Fremont, CA 94555

5

6 | **Counsel for Defendant(s):**

Michael W. Foster     mfoster@fosterlaborlaw.com

7

8 | Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10

11

**Dated:**     12/28/05                              DOH
12 |                                          **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
C-05-02387 RMW; C-05-01116 RMW
KMF/DOH                                    8